ENTERED NOV 0 3 2014

STATE OF MAINE                    SUPERIOR COURT
KENNEBEC, ss                      AUGSC-CR-13-486
SOMERSET, ss                      SOMSC-CR-13-72

KEN-MMM-08-09-14

**STATE OF MAINE**

v.                                **ORDER ON DEFENDANT'S MOTION
                                  TO DISMISS**

**WADE HOOVER**


## Background


Before the Court is Defendant Wade Hoover's Motion to Dismiss Indictments charging him with 12 counts of Gross Sexual Assault (Kennebec) and 1 count of Gross Sexual Assault (Somerset). The Defendant is represented on the Somerset County matter by Attorney Peter Barnett, and on the Kennebec matters by Attorney William Bagdoyan. Deputy District Attorney Fern Larochelle represents the State.

The Defendant claims that these State charges must dismissed as they violate his right to be free from double jeopardy under the United States and Maine Constitutions. The Defendant stands convicted of federal charges of production of child pornography and possession of child pornography. While acknowledging the long-standing principle that "if two different sovereigns prosecute an individual for the same act or same criminal conduct, the Double Jeopardy Clauses of both the United States and Maine Constitutions, do not apply," Defendant relies upon a limited and narrow exception to the dual sovereign rule articulated in *Bartkus v. Illinois,* 359 U.S. 121 (1959) and *U.S. v. Guzman,* 85 F.3d 823 (1st Cir. 1996).

The Court conducted an evidentiary hearing at the request of the defense on May 28, 2014, and the parties submitted written arguments, the last of which was received by the Court on July 7, 2014. The Court has considered the evidence from the hearing including testimony and exhibits, the parties' written arguments, and issues the following order denying the motion to dismiss both indictments.

1

## Findings and Conclusions

On October 3, 2012 agents from the U.S. Immigration and Customs Enforcement (ICE) along with Homeland Security Investigations (HSI) searched by consent computers at the offices of the National Alliance for the Mentally Ill (NAMI) in Augusta. The federal investigators had received information that an IP address assigned to NAMI was the source of child pornography videos. The Defendant, a NAMI employee, admitted during the consent search to his involvement with the pornography, and the investigators also discovered videos and photos on his computer showing what appeared to be the Defendant sexually assaulting a male child. The Defendant was taken into custody, and arraigned on State charges of Class C Possession of Sexually Explicit Materials on October 5, 2014 under Kennebec Docket No. CR-12-813. The case was set for status conference in the Superior Court for December 12, 2012 and it was based upon a probable cause affidavit signed by Detective Glen Lang of the Maine Computer Crimes Unit of the State Police dated October 5, 2012.

On that same date, federal Magistrate Judge Margaret Kravchuk authorized an arrest warrant of the Defendant based on a federal complaint of production of child pornography. (Exh. 1). That federal warrant, however, was not executed by federal authorities until December 5, 2012, after the State dismissed its felony charge.

While in State custody, counsel was appointed, and the matter appeared on the docket for a bail review motion on November 27, 2012 which was denied. On December 3, 2012 the case was dismissed by the Kennebec County District Attorney's Office. The reason stated on the dismissal was as follows: "This case will be taken federally."

Investigation of the Defendant continued after his arrest, and it is clear from the record before the Court that federal law enforcement officers took the lead in the extensive investigation. Indeed, former ADA Brad Grant testified that it was his understanding throughout the State process that the case would be "going federal." He stated further that he could remember only one time in his sixteen years as a prosecutor in District 4 where a case in which the United States Attorneys Office was actively involved was also prosecuted by his office. Former Assistant District Attorney Patricia Poulin had a different understanding of her office's position, but the record is not clear as to whether she ever spoke with ADA Grant. She testified that it was her belief that the State Police had actually arrested the Defendant too hastily. Her memo (State's Exh. 2) reads as follows: "State police rushed an arrest before they were ready on this case." However, she also noted in her memo dated 10/9/12 that then-Deputy District Attorney Alan Kelley directed her to make sure that all prosecutors in the office understood that the Defendant should not be permitted to plead to the possession of sexually explicit materials "before all State charges are brought. D/M (dismiss) if he does." [1] Despite these concerns, the Defendant was held on the State charge of possession of sexually explicit materials until he went into federal custody on December 7, 2012.

The Defendant waived federal indictment and pleaded guilty to one count of production of child pornography and one count of possession of child pornography on February 5, 2013. (State's Exh. 1). He was then re-prosecuted by the State of Maine when he was indicted by the Somerset County Grand Jury on March 14, 2013 (one count

---

[1] Former Deputy DA Kelley was presumably concerned about 17-A MRSA§14, which is sometimes referred to as Maine's statutory double jeopardy provision.

of Gross Sexual Assault) and the Kennebec County Grand Jury (12 counts of Gross Sexual Assault) on May30, 2013. The original charge of possession of sexually explicit materials was not brought in either indictment.

On July 2, 2013 the Defendant was sentenced to 360 months in prison for production of child pornography and 120 months consecutive for possession of child pornography. It is clear to the Court that the Defendant's federal sentence was directly and significantly increased as a consequence of his sexual assault of the two victims. (See Federal Sentencing Transcript, pg. 24, 38-39) The Court therefore agrees with the Defense that the current State prosecution, if successful, could result in the Defendant being punished twice for the same criminal conduct.

The Defendant argues that this, among other things, supports its argument that the second prosecution at issue here, by the State of Maine, must be dismissed. However, the Defendant has conceded that it is permissible for a person to be prosecuted and punished twice for the same conduct so long as it is done by separate sovereigns, here the federal government and the State of Maine. The Defendant instead urges the Court to find that the limited *Bartkus* exception to the general rule allowing double punishment by separate sovereigns requires dismissal.

The Court would recognize at the outset the federalism issues presented by the facts of this case. The parties seem to agree that there is no federal crime for sexually assaulting a child, and it is highly unusual for an Immigration and Customs Enforcement (ICE) Agent to be the primary investigator in a State prosecution for child sexual assault.[2] However, the State argues that these joint investigations are constitutional and have been specifically approved by courts as "cooperative law enforcement efforts between independent sovereigns." *U.S. v. Guzman,* 85 F.3d 823 (1st Cir. 1996). The State also notes that the Maine Supreme Court has never adopted the so-called *Bartkus* exception to the general rule allowing dual prosecutions.

Cases which might raise concerns about federalism do not of course necessarily translate into cases of double jeopardy. While at least at the earlier stages of the investigation it may have appeared to the Defendant, as it did to ADA Grant, that the State was not going to be "taking ownership" of the case as he termed it, that is what eventually happened. The former District Attorney's Office certainly communicated with the United States Attorney's Office about the status of the State case, and it was clear to the Court from the testimony of Assistant U.S. Attorney Todd Lowell that the federal authorities benefited by the State having custody of the Defendant, at least initially, while the federal authorities put their case together. That is because, as he explained, once the

---

[2] An unfortunate consequence of the dual prosecutions, for the children involved, was the federal government's decision that the children be re-interviewed by a special forensic investigator brought to Maine from Washington, D.C. by Homeland Security. Those interviews took place at the Child Advocacy Center in Waterville on November 6, 2012 for one child, and on November 7, 2012 for the other child. According to Detective Chris Tupper of the Maine State Police who was also involved in the investigation, the boys had already been interviewed jointly by himself and ICE investigator William Hoyt in early October of 2012, and other interviews and examinations were conducted by child sexual assault professionals at the Spurwink program sometime in late October 2012. No federal witness who testified seemed to be aware of the concerns and harms (long-understood by state authorities) created when child sexual assault victims are subjected to multiple interviews. It was clear instead from the testimony of Special Agent Hoyt that he and/or the U.S. Attorney's Office were focused on enhancing the Defendant's federal child pornography sentences by developing evidence regarding the sexual assaults of the children. The CAC in Waterville is one of CAC's the Maine Legislature specifically intended to be used as resource by law enforcement investigators to avoid the harms of mulitiple interviews of child sexual assault victims.

federal warrant, which was issued in early October of 2012, was executed, the federal speedy trial clock would start ticking. However, the Court is satisfied that, as Detective Glen Lang testified, the decision to promptly arrest the Defendant arose not from a desire by State authorities to be a tool for the federal authorities, but was instead motivated by a legitimate concern for public safety.

The Court concludes that the decision to file the gross sexual assault charges, and not to bring charges involving the child pornography made by the new District Attorney in early 2013, actually undermines the defense theory that the State's prosecution of the Defendant, as currently constituted, is a "sham prosecution" under *Bartkus*. In addition, there is a difference between one sovereign doing more of the work and expending more of the resources, from the situation envisioned by *Bartkus* where one sovereign is nothing more than a tool of the other such that the subsequent prosecution becomes a "sham." As the First Circuit stated in *Guzman,* the exception arises only in "situations in which one sovereign so thoroughly dominates or manipulates the prosecutorial machinery of another such that the latter retains little or no volition in its own proceedings." 85 F.3d 823, 827. There is simply no evidence before the Court that the state prosecutors in this case have been so dominated or manipulated by the prosecutors in the federal case such that the *Bartkus* exception to the doctrine of dual sovereignty applies.

The entry will be: Defendant's Motion to Dismiss is DENIED. Case to be set for Docket Call on September 3, 2014 at 8:30 a.m..

_8/4/14_

**DATE**

**SUPERIOR COURT JUSTICE**

4

vs

Ɏ   R HOOVER
24 PIKE ST
AUGUSTA ME 04330

**DOCKET RECORD**

DOB: 11/07/1977
Attorney: WILLIAM BAGHDOYAN
       WILLIAM BAGHDOYAN, ATTORNEY AT LAW
       72 WINTHROP STREET SUITE 2
       AUGUSTA ME 04330
       APPOINTED 06/27/2013

State's Attorney: MAEGHAN MALONEY

Filing Document: INDICTMENT
Filing Date: 05/31/2013

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1   GROSS SEXUAL ASSAULT
Seq 10932 17-A  253(1)(C)
   TREMBLAY       / MSP
               12/11/2008 AUGUSTA
   Class A

2   GROSS SEXUAL ASSAULT
Seq 10932 17-A  253(1)(C)
   TREMBLAY       / MSP
               01/18/2009 AUGUSTA
   Class A

3   GROSS SEXUAL ASSAULT
Seq 10932 17-A  253(1)(C)
   TREMBLAY       / MSP
               02/16/2009 AUGUSTA
   Class A

4   GROSS SEXUAL ASSAULT
Seq 10932 17-A  253(1)(C)
   TREMBLAY       / MSP
               04/25/2009 AUGUSTA
   Class A

5   GROSS SEXUAL ASSAULT
Seq 10932 17-A  253(1)(C)
   TREMBLAY       / MSP
               07/21/2009 AUGUSTA
   Class A

6   GROSS SEXUAL ASSAULT
Seq 10932 17-A  253(1)(C)
   TREMBLAY       / MSP
               07/28/2009 AUGUSTA
   Class A

7   GROSS SEXUAL ASSAULT
Seq 10932 17-A  253(1)(C)
   TREMBLAY       / MSP
               07/30/2009 AUGUSTA
   Class A

8   GROSS SEXUAL ASSAULT
Seq 10932 17-A  253(1)(C)
   TREMBLAY       / MSP
               08/20/2009 AUGUSTA
   Class A

9   GROSS SEXUAL ASSAULT
Seq 10932 17-A  253(1)(C)
   TREMBLAY       / MSP
               11/10/2009 AUGUSTA
   Class A

)   GROSS SEXUAL ASSAULT
Seq 10932 17-A  253(1)(C)
               11/24/2009 AUGUSTA
   Class A

TREMBLAY                    / MSP

11  GROSS SEXUAL ASSAULT                        01/15/2010 AUGUSTA
Seq 10932 17-A  253(1)(C)           Class A
    TREMBLAY                / MSP

12  GROSS SEXUAL ASSAULT                        02/13/2010 AUGUSTA
Seq 10932 17-A  253(1)(C)           Class A
    TREMBLAY                / MSP


## Docket Events:

05/31/2013 FILING DOCUMENT -  INDICTMENT FILED ON 05/31/2013

        TRANSFER -  BAIL AND PLEADING GRANTED ON 05/31/2013

        TRANSFER -  BAIL AND PLEADING REQUESTED ON 05/31/2013

05/31/2013 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
        WARRANT -  ON COMP/INDICTMENT REQUESTED ON 05/31/2013

05/31/2013 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
        WARRANT - $50,000.00 ON COMP/INDICTMENT ORDERED ON 05/31/2013
        JOHN  NIVISON , JUSTICE
        CASH BAIL, NO CONTACT WITH WYNN LIBBY DATE OF BIRTH 3/29/98, NO CONTACT WITH CHILDREN
        UNDER 16 YEARS OLD.
05/31/2013 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
        WARRANT - $50,000.00 ON COMP/INDICTMENT ISSUED ON 05/31/2013

        CASH BAIL, NO CONTACT WITH WYNN LIBBY DATE OF BIRTH 3/29/98, NO CONTACT WITH CHILDREN
        UNDER 16 YEARS OLD.
05/31/2013 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
        HEARING -  ARRAIGNMENT SCHEDULED FOR 06/25/2013 at 10:00 a.m.

05/31/2013 WRIT -  HABEAS CORPUS TO PROSECUTE ISSUED ON 05/31/2013

        CERTIFIED COPY TO SHERIFF DEPT.
05/31/2013 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
        WARRANT -  ON COMP/INDICTMENT MODIFY ACKNOWLEDGED ON 05/31/2013 at 03:00 p.m.

05/31/2013 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
        WARRANT -  ON COMP/INDICTMENT EXECUTED BY AGENCY ON 05/31/2013 at 09:50 p.m.

06/26/2013 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
        HEARING -  ARRAIGNMENT HELD ON 06/25/2013
        JOHN  NIVISON , JUSTICE
        Attorney:  WILLIAM BAGHDOYAN
        DA:  MAEGHAN MALONEY
        Defendant Present in Court

        READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
        DEFENDANT.  21 DAYS TO FILE MOTIONS

06/26/2013 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
          PLEA - NOT GUILTY ENTERED BY COURT ON 06/25/2013


06/26/2013 BAIL BOND - $25,000.00 CASH BAIL BOND SET BY COURT ON 06/26/2013
          JOHN  NIVISON , JUSTICE
          NO CONTACT WITH WYNN LIBBY AND NOT ENTER ANY RESIDENCE, PLACE OF EMPLOYMENT OR PLACE OF
          EDUCATION
06/26/2013 BAIL BOND - CASH BAIL BOND COMMITMENT ISSUED ON 06/26/2013


06/26/2013 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
          TRIAL - DOCKET CALL SCHEDULED FOR 10/07/2013 at 08:30 a.m.


06/26/2013 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 06/26/2013


06/27/2013 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 06/27/2013
          JOHN  NIVISON , JUSTICE
          COPY TO PARTIES/COUNSEL
06/27/2013 Party(s): WADE R HOOVER
          ATTORNEY - APPOINTED ORDERED ON 06/27/2013


          Attorney: WILLIAM BAGHDOYAN
10/08/2013 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
          TRIAL - DOCKET CALL HELD ON 10/07/2013
          JOHN  NIVISON , JUSTICE
          Defendant Not Present in Court
1   3/2013 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
          TRIAL - DOCKET CALL SCHEDULED FOR 12/02/2013 at 08:30 a.m.


11/14/2013 MOTION - OTHER MOTION FILED BY STATE ON 11/14/2013


          DA: MAEGHAN MALONEY
          MOTION FOR DATE CERTAIN
12/04/2013 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
          TRIAL - DOCKET CALL HELD ON 12/02/2013
          DONALD H MARDEN , JUSTICE
          Defendant Present in Court
12/10/2013 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
          TRIAL - JURY TRIAL SCHEDULED FOR 01/10/2014 at 08:30 a.m.


          NOTICE TO PARTIES/COUNSEL
12/10/2013 WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 12/10/2013


          CERTIFIED COPY TO SHERIFF DEPT.
12/11/2013 MOTION - MOTION FOR MENTAL EXAMINATION FILED BY DEFENDANT ON 12/11/2013


01/10/2014 MOTION - MOTION FOR MENTAL EXAMINATION GRANTED ON 01/10/2014
          M MICHAELA MURPHY , JUSTICE
          COPY SENT TO STATE FORENSIC SERVICE
01/10/2014 PSYCHIATRIC EXAM - ORDER MENTAL EXAM-INSANITY ENTERED ON 01/10/2014
          M MICHAELA MURPHY , JUSTICE
 '10/2014 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
          TRIAL - JURY TRIAL CONTINUED ON 01/10/2014

10/2014 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
        TRIAL - DOCKET CALL SCHEDULED FOR 03/04/2014 at 09:00 a.m.

02/18/2014 NOTE - OTHER CASE NOTE ENTERED ON 02/18/2014

        PER TOM CONNORS AT STATE FORENSIC SERVICE, ORDER FOR EXAM, ETC. NOT RECEIVED. SENT
        ANOTHER COPY 2/18.
02/26/2014 LETTER - FROM NON-PARTY FILED ON 02/26/2014

        NOTICE FOR EXAMINATION ON 2/27/14 AT 10:00 AM.
02/27/2014 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
        MOTION - MOTION TO DISMISS FILED BY DEFENDANT ON 02/13/2014

02/28/2014 OTHER FILING - MEMORANDUM OF LAW FILED ON 02/28/2014

03/04/2014 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
        TRIAL - DOCKET CALL HELD ON 03/04/2014
        M MICHAELA MURPHY , JUSTICE
        Attorney: WILLIAM BAGHDOYAN
        DA: MAEGHAN MALONEY
        Defendant Present in Court

        TAPE#1826, INDEX#4850
03/04/2014 LETTER - FROM NON-PARTY FILED ON 03/03/2014

        NOTICE FOR EXAMINATION ON 3/3/2014 AT 9:30 AM.
07/2014 OTHER FILING - WITNESS & EXHIBIT LIST FILED BY DEFENDANT ON 03/06/2014

        Attorney: WILLIAM BAGHDOYAN
        WITNESS LIST FOR DEFENSE FOR MOTION TO DISMISS HEARING
03/12/2014 PSYCHIATRIC EXAM - ORDER MENTAL EXAM-OTHER ISSUES REPORT FILED ON 03/12/2014

03/18/2014 LETTER - FROM NON-PARTY FILED ON 03/14/2014

        Attorney: PETER BARNETT
        ATTORNEY BARNETT REQUESTING MOTION TO DISMISS HEARING BE SET FOR 4/9
03/18/2014 LETTER - REQUEST FOR PROTECTION FILED ON 03/06/2014

        Attorney: PETER BARNETT
        PROTECTION REQUEST FOR MARCH
03/18/2014 HEARING - MOTION TO DISMISS SCHEDULED FOR 04/09/2014 at 10:00 a.m.

        NOTICE TO PARTIES/COUNSEL
03/18/2014 HEARING - MOTION TO DISMISS NOTICE SENT ON 03/18/2014

04/08/2014 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 04/08/2014

04/16/2014 MOTION - MOTION TO CONTINUE GRANTED ON 04/08/2014
        M MICHAELA MURPHY , JUSTICE
        COPY TO PARTIES/COUNSEL
04/16/2014 HEARING - MOTION TO DISMISS CONTINUED ON 04/08/2014

16/2014 HEARING - MOTION TO DISMISS SCHEDULED FOR 05/23/2014 at 08:30 a.m.

M MICHAELA MURPHY , JUSTICE
NOTICE TO PARTIES/COUNSEL
04/16/2014 HEARING - MOTION TO DISMISS NOTICE SENT ON 04/16/2014

04/17/2014 HEARING - MOTION TO DISMISS NOT HELD ON 04/17/2014

ATTORNEY BARNETT NOT AVAILABLE
04/17/2014 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
HEARING - MOTION TO DISMISS SCHEDULED FOR 05/28/2014 at 10:00 a.m.

NOTICE TO PARTIES/COUNSEL
04/17/2014 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
HEARING - MOTION TO DISMISS NOTICE SENT ON 04/17/2014

05/28/2014 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
HEARING - MOTION TO DISMISS HELD ON 05/28/2014
M MICHAELA MURPHY , JUSTICE
Attorney: WILLIAM BAGHDOYAN
DA: FERNAND LAROCHELLE
Defendant Present in Court

TAPE#1864, INDEX#254-6395                          TAPE#1865,
INDEX#48-1599

                                    DEFENSE HAS UNTIL 6/20 TO FILE CLOSING
ARGUMENT                    STATE HAS UNTIL 7/8 TO FILE CLOSING ARGUMENT
05/28/2014 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
TRIAL - DOCKET CALL SCHEDULED FOR 08/04/2014 at 08:30 a.m.

08/04/2014 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
TRIAL - DOCKET CALL CONTINUED ON 08/04/2014

08/04/2014 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
TRIAL - DOCKET CALL SCHEDULED FOR 09/03/2014

08/09/2014 OTHER FILING - OTHER DOCUMENT FILED ON 06/17/2014

Attorney: WILLIAM BAGHDOYAN
CLOSING ARGUMENT
08/09/2014 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12
MOTION - MOTION TO DISMISS DENIED ON 08/04/2014
M MICHAELA MURPHY , JUSTICE
COPY TO PARTIES/COUNSEL
08/09/2014 ORDER - COURT ORDER FILED ON 08/04/2014
M MICHAELA MURPHY , JUSTICE
ORDER ON DEFENDANT'S MOTION TO DISMISS
08/09/2014 ORDER - COURT ORDER ENTERED ON 08/04/2014


A TRUE COPY
ATTEST: _____
                    Clerk